IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GUS L. POPE, | : | |
| Petitioner | : | |
| VS. | : | CIVIL ACTION NO.: 5:10-CV-107 (CAR) |
| BRUCE CHATMAN, Warden, | : | |
| Respondent | : | |

## O R D E R

Pending before the Court is petitioner's Motion for Reconsideration. For reasons discussed below, the motion is denied.

Petitioner, **GUS L. POPE**, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 15 2010. On the first page of this petition, petitioner stated that he was challenging his February 21, 1995 conviction in Monroe County, Georgia., for which he was sentenced to 20 years in prison as a recidivist

A review of Court records showed that prior to filing the instant habeas petition, petitioner filed a previous federal habeas corpus petition challenging his February 21, 1995 Monroe County conviction and sentence. *Pope v. Rich*, 5:02-CV-335 (WDO). On June 4, 2003, the District Court adopted the report and recommendation of United States Magistrate Judge Claude W. Hicks, Jr. and denied the petition. On appeal, the Eleventh Circuit Court of Appeals upheld the district court's ruling. *Pope v. Rich,* No. 03-13218 (11th Cir. January 30, 2004).

Therefore, the Court dismissed without prejudice petitioner's current §2254 petition for writ of habeas corpus as second or successive. The Court explained to petitioner that he would have to file in the Eleventh Circuit Court of Appeals a motion for leave to file the second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3).

Petitioner has now filed a motion for reconsideration in which he states that he is not challenging his Monroe County February 21, 1995 conviction and sentence; instead he states that he is challenging his "1989 burglary conviction arising from a guilty plea entered under indictment 89-R-244."

Even if the current petition is construed as a challenge to the 1989 conviction as opposed to the 1995 conviction and sentence, it is still successive. Petitioner has already filed at least one habeas petition challenging the 1989 conviction. *Pope v. Williams*, 5:06-CV-381. The United States Magistrate Judge recommended that the petition be denied and the United States District Court adopted the recommendation and dismissed the petition as untimely on September 7, 2007. *Pope v. Williams*, 5:06-CV-381 at document number 22.

Therefore, regardless of whether petitioner is challenging his February 21, 1995 conviction or his "1989 burglary conviction arising from a guilty plea entered under indictment number 89-R-244," he must file in the Eleventh Circuit Court of Appeals a motion for leave to file a second or successive habeas petition pursuant to section 28 U.S.C. § 2244(b)(3).[1]

Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 1st day of April, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb

---

[1] The Court notes that in *Pope v. Rich*, 5:02-CV-335 (WDO), petitioner filed an application for leave to file a second or successive habeas petition with the United States Court of Appeals for the Eleventh Circuit. In that application, petitioner apparently made the same argument that he is currently making: "[H]is 1989 conviction was obtained via a guilty plea that was 'unlawfully induced or not made voluntarily' and that it, therefore, should not have been used to enhance his later 1995 sentence. *Pope v. Rich*, 5:02-CV-335 (WDO) at document no. 20. The United States Court of Appeals for the Eleventh Circuit denied that application. *Id*.